IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 2 8 2000

CLERK

KATHLEEN A. CARTER, as parent and natural guardian and next friend of DAVID ANTHONY PERFETTI, a minor,

    Plaintiff,

vs.

No. Civ. 00-341 MV/RLP

THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY,

    Defendant/Third-Party Plaintiff,

vs.

ERNEST AUERBACK, LISA D. AUERBACH, PIERRE AMESTOY, and NEW MEXICO STUD INC.,

    Third-Party Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion of Defendant/Third-Party Plaintiff, Burlington Northern and Santa Fe Railway Company ("BNSF" herein) to compel Responses to its First Supplemental Interrogatory and Requests for Production, directed to Plaintiff (Docket No. 66); the Court, having reviewed the arguments and authorities submitted by the parties, and being otherwise fully advised in the premises,

**FINDS**, that BNSF's Motion is well taken, and will be granted in part.

This is a wrongful death action brought in this Court pursuant to diversity jurisdiction, 28 U.S.C. §1332. Plaintiff sues on behalf of her minor son, David Anthony Perfetti ("David," herein).



Damages are sought, in part for the "extreme grief and mental and emotional anguish which will continue for the remainder of (David's) life" caused by his father's death. (Docket No.1, ¶ 5).

In its motion, BNSF seeks to compel disclosure of David's medical history for the past ten (10) years (Interrogatory No. 29), and production of all his medical records for the past ten (10) years (Request for Production No. 16). BNSF also seeks to compel Plaintiff to sign a medical authorization on behalf of David, or alternatively, seeks production of "all (David"s) medical records in your possession including, but not limited to physical, mental, psychological or emotional disorders, illnesses, impairments, disabilities, and personal injuries. All medical records and reports, hospital records and reports, and laboratory tests" for the past ten years." (Request for Production No. 17).

Plaintiff objects, contending that the materials sought are "wholly irrelevant, privileged and protected by Rule 11-504 N.M.R.A.

Fed. R. Evid. 501 provides that privileges accorded to witnesses or persons "shall be determined in accordance with State law." New Mexico recognizes a physician-patient and psychotherapist-patient privilege. Rule 11-504 N.M.R.A. The privilege is waived, however, "as to communications relevant to an issue of the physical, mental or emotional condition of the patient in any proceeding in which the patient relies upon the condition as an element of the patient's claim or defense." 11-504(D)(3) N.M.R.A. Plaintiff's Complaint places David's mental and emotional condition at issue. Accordingly, medical records pertaining to his mental and emotional condition are neither irrelevant or privileged, and should be produced.

The Court has not been provided with the medical authorization BNSF seeks from Plaintiff. Accordingly, the Court will not order that an authorization be executed.

2

**IT IS THEREFORE ORDERED** that BNSF's Motion to Compel Responses to its First Supplemental Interrogatory and Requests for Production of Documents to Plaintiff (Docket No. 66) is granted in part, and Plaintiff is ordered to Answer Interrogatory No. 29, and produce the documents sought in Request for Production No. 16.

**RICHARD L. PUGLISI**
**United States Magistrate Judge**