IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KATHLEEN A. CARTER as parent and
natural guardian and next friend of
DAVID ANTHONY PERFETTI, a minor,

        Plaintiff,

vs.                                                                                                    No. CIV 00-341 MV/RLP

THE BURLINGTON NORTHERN AND
SANTA FE RAILWAY COMPANY,

        Defendant/ Third Party Plaintiff,

vs.

ERNEST AUERBACH, LISA D. AUERBACH,
PIERRE AMESTOY and NEW MEXICO STUD INC.,

        Third Party Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Third Party Defendants Pierre Amestoy and New Mexico Stud Inc.'s Motion for Summary Judgment, filed March 6, 2001 **[Doc. No. 62]**. The Court, having considered the motion, response, reply, relevant law and otherwise being fully informed, determines that the motion will be **denied** at this time.

## DISCUSSION

Third party defendants Amestoy and New Mexico Stud brought a summary judgment motion on all claims made against them by the Burlington Northern & Santa Fe Railway Company

1

("BNSF"). BNSF responded to the motion, stating in part that the motion should be temporarily denied pursuant to FED. R. CIV. PROC. 56(f) because it has not had adequate opportunity to conduct discovery in order to properly respond to Amestoy and New Mexico Stud's motion for summary judgment. The Court finds that BNSF has met the requirements of Rule 56(f) and is entitled to include the evidence and information obtained from additional discovery and depositions in defending against the summary judgment motion.

> Rule 56(f) states:
>
> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

As the Rule indicates, a prerequisite to granting relief pursuant to Rule 56(f) is an affidavit furnished by the nonmovant. The affidavit must explain why facts precluding summary judgment cannot be presented. "This includes identifying the probable facts not available and what steps have been taken to obtain these facts. In this circuit, the nonmovant also must explain how additional time will enable him to rebut movant's allegations of no genuine issue of fact." *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir.1992) (citations omitted). The Supreme Court has noted that "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986). The movant's exclusive control of such information is a factor weighing heavily in favor of relief under Rule 56(f). *See Price ex rel. Price v. Western Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (citations omitted).

In this case, BNSF has presented an affidavit sufficiently explaining why certain facts precluding summary judgment could not be presented.  BNSF exchanged written discovery regarding BNSF's third party claims on November 8, 2000.  BNSF moved to compel responses from the third party defendants.  BNSF did not conduct deposition discovery pending resolution of those motions.  The motions were resolved in February, and BNSF immediately proposed a deposition schedule.  In its response, which was filed March 6, 2001, BNSF stated that the depositions would be completed by March 30, 2001 and that they would be prepared to complete its briefing by April 15, 2001.  The information that BNSF seeks is in the exclusive control of Amestoy and New Mexico Stud.  Therefore, for the foregoing reasons, the Court finds that BNSF's objection to Amestoy and New Mexico Stud's motion for summary judgment is well taken.  The Court hereby denies the motion.

However, the Court will of course consider another summary judgment motion that addresses both the issues previously raised by counsel and the additional discovery that is the subject of BNSF's objection.  The Court will institute an expedited briefing schedule.  Amestoy and New Mexico Stud are directed to file a renewed summary motion within five (5) calendar days of this order.  They may file either the same motion previously filed, or include additional arguments that deal with the discovery referred to by BNSF.  BNSF is to file a response within ten (10) calendar days of Amestoy and New Mexico Stud's motion.  Amestoy and New Mexico Stud are to file a reply within ten (10) calendar days of BNSF's response.  The parties are not permitted to raise additional arguments not raised in the first motion for summary judgment, response or reply except for those that deal with the discovery referred to by BNSF.

## **CONCLUSION**

**IT IS HEREBY ORDERED** that the Third Party Defendants Pierre Amestoy and New Mexico Stud Inc.'s Motion for Summary Judgment, filed March 6, 2001 **[Doc. No. 62]** is **denied**.

Dated this 30th day of May, 2001.

```
                                    _____
                                    MARTHA VÁZQUEZ
                                    UNITED STATES DISTRICT JUDGE
```

Attorneys for BNSF
Shannon L. Donahue
Clifford K. Atkinson
Kurt B. Gilbert

Attorneys for Amestoy/New Mexico Stud
Michael E. Vigil
Stephen W. Hanks
Leonard J. DeLayo, Jr.
Luis N. Colón